TOBE FULLER v. THE STATE.

No. 8191.  Decided November 12, 1924.

No motion for rehearing filed.

1.—Robbery by Threats—Bills of Exception—Insufficient.

For the reason that most of the bills of exception are in question and answer form, they cannot be considered by this court.

2.—Same—Evidence—Circumstantial—Must be Charged.

> Where the case presented is one of circumstantial evidence the trial court must submit that issue. Failing to do so in this case, the cause is reversed.

Appeal from the District Court of Clay County. Tried below before the Hon. Paul Donald, Judge.

Appeal from a conviction of robbery by means of threats; penalty, two years in the penitentiary.

*C. O. Taylor,* and *H. M. Muse,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Clay County of the offense of robbery committed by means of threats, and his punishment fixed at confinement in the penitentiary for two years.

For the reason that most of the bills of exception are in question and answer form they cannot be considered by this court. The charge of the court submitting the law of principals was supported by the facts. The learned trial judge fell into error in declining to submit the law of circumstantial evidence. A special charge was presented upon this phase of the case.

We gather from the record that certain turkeys of the prosecuting witness had been stolen, and it is suggested in the testimony that this appellant and one Morris were connected with the taking of the turkeys. It is shown that appellant and Morris went to see said prosecutor prior to the date of the alleged robbery. Following this prosecutor went to Oklahoma. On the day of his return one Sparks went to him and told him that they wanted to see him. Accompanying Sparks, prosecutor went to the place where appellant and Morris were. Morris demanded of prosecutor three hundred dollars and made threats in that connection. Appellant said nothing. Prosecutor went to a bank and obtained three hundred dollars and carried it to where appellant, Morris and Sparks were and handed it to Sparks. This is the substance of the testimony. Appellant may be guilty, but if so his guilt is an inference arising from circumstances. He made no threats, he received no money from prosecutor.

For the error of the court in declining to submit the law of circumstantial evidence the judgment must be reversed and the cause remanded, and it is so ordered.

*Reversed and remanded.*